UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Amy Rice, ) | |
| ) | |
|    Plaintiff, ) | Case No. 21-366 |
| ) | |
| v. ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| GRAND TRUNK WESTERN ) | |
| RAILROAD COMPANY, a corporation ) | |
| successor to Grand Trunk Western ) | |
| Railroad Incorporated, ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, AMY RICE, by her attorney, Patrick J. Harrington of Petro & Harrington, LLC., complaining of Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY (hereinafter, "GTW") states:

1. Defendant GTW is a corporation operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Indiana, and is subject to service of process and to the jurisdiction of this Court.  Plaintiff invokes the jurisdiction of this Court under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. Venue for this cause of action exists in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1391(b).

3. The Defendant, GTW, is a corporation doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Indiana.

4. At all times alleged herein, the Plaintiff, AMY RICE, was employed by Defendant, GTW, and her duties were in furtherance of interstate commerce.

5. At all times alleged herein, both Plaintiff and Defendant were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

6. On or about November 24, 2018, at approximately 2:20 p.m., Plaintiff was injured while working for Defendant at Defendant's Kirk Yard, at or near Gary, Indiana.

7. At the time and place aforesaid, Plaintiff's duties included coupling groups of railroad cars within the yard to make up an outbound train.

8. In performance of said duties, Plaintiff came to a car which had failed to couple automatically on impact. The drawbar on said car was off center. Whereupon plaintiff was required to center the drawbar manually so that the coupling could be effected. In attempting to realign said drawbar plaintiff was caused to be injured.

9. At the time and place aforesaid, the Plaintiff was acting within the scope of her employment with the Defendant, GTW, and it was GTW's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work and to furnish car with operative coupler equipment so that car would couple automatically on impact; to inspect, service, maintain and repair coupler equipment; to warn plaintiff, and it was its absolute duty to comply with the coupler section of the Safety Appliance Act and with the Code of Federal Regulations, Title 49 C. F. R., Part 215, §215.123 Defective couplers.

10. At all times alleged herein, both the Plaintiff, AMY RICE, and the Defendant, GTW, were subject to the Act of Congress known as the Federal Employers'

Liability Act, Title 45 U. S. Code §51-60, and the Federal Safety Appliance and Equipment Act, Title 45 U. S. Code §1-32, and to the Code of Federal Regulation, Title 49 C. F. R. Part 215, Railroad Freight Car Safety Standards, §215.123, Defective couplers..

11.   Defendant, at the time and place aforesaid, notwithstanding its duties to Plaintiff, was guilty of unlawful conduct and was careless and negligent in one or more of the following particulars and thereby caused injury to Plaintiff:

a)   In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work;

b)   In failing to exercise care to furnish plaintiff with car with operative coupler equipment;

c)   In failing to inspect coupler when ordinary inspection would have disclosed that coupler equipment was defective and which could have been repaired or taken out of service in time to have averted injury to plaintiff;

d)   In failing to service, maintain and repair coupler equipment when it knew or should have known and foreseen that automatic coupling on impact would fail, and subject plaintiff to injury in centering drawbar manually;

e)   In failing to warn plaintiff when timely warning would have averted injury to her;

f)   In using on its line car with defective and inoperative coupler so that car would not couple automatically on impact in violation of the coupler section of the Safety Appliance Act;

g)   In continuing in service on its line a car with defective and inoperative coupler in violation of Code of Federal Regulations, Title 49 C. F. R. Part 215, §215.121.

h)   In failing to provide car department services;

i)   In failing to provide plaintiff with proper tools in order to realign the misaligned drawbar.

12. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law caused in whole or in part by the unlawful and careless and negligent acts and omissions of Defendant.

WHEREFORE, Plaintiff, AMY RICE, prays for judgment against the Defendant, GTW, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

By: /s/ Patrick J. Harrington
Patrick J. Harrington
Petro & Harrington, LLC
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 332-9596
pjharrington@petroharrington.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Amy Rice, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-366 |
| ) | |
| v. ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| GRAND TRUNK WESTERN ) | |
| RAILROAD COMPANY, a corporation ) | |
| successor to Grand Trunk Western ) | |
| Railroad Incorporated, ) | |
| ) | |
| Defendant. ) | |

## **JURY DEMAND**

The Plaintiff, AMY RICE, by her attorney, Patrick J. Harrington of Petro & Harrington, LLC., hereby demands trial by jury.

Respectfully submitted,

By: /s/ Patrick J. Harrington
Patrick J. Harrington
Petro & Harrington, LLC
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 332-9596
pjharrington@petroharrington.com